IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH DIGENOVA, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LYNNE FOX, | : | |
|     Defendant. | : | NO. 2:09-cv-00267-LDD |

ORDER

AND NOW, this 10th day of December 2009, upon consideration of Defendant's Motion for Summary Judgment (Doc. Nos. 31, 32), Plaintiff's Response in opposition thereto (Doc. Nos. 33, 34), Defendant's Substituted Memorandum of Law (Doc. Nos. 35, 36), and Plaintiff's Response in opposition thereto (Doc. No. 37), it is hereby ORDERED that Defendant's Motion is GRANTED.

I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Joseph DiGenova, proceeding in forma pauperis, commenced this action in January of 2009 against Defendant Lynne Fox. Lynne Fox is the Manager of the Philadelphia Joint Board of UNITE HERE, and UNITE HERE Local 274 ("Local 274") is a constituent member of the Philadelphia Joint Board of UNITE HERE. Local 274 represents employees, including banquet servers, working in Philadelphia area hotels. Plaintiff works as a banquet server, and he has been a member of Local 274 or its predecessor since 1982. In his Complaint, Plaintiff sets forth causes of action for defamation and breach of the duty of fair representation. With regard to his defamation claim, Plaintiff claims that letters in his personnel file that contain

false facts relating to his job performance are being used against him, preventing him from obtaining work. With regard to breach of the duty of fair representation, Plaintiff alleges that Local 274 failed to negotiate for certain provisions in its contracts with hotels, and failed to arbitrate a grievance that he made against a hotel. Defendant has filed a Motion for Summary Judgment on both of Plaintiff's claims.

## II.   LEGAL STANDARD

In considering a motion for summary judgment, the court must determine whether "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). The moving party bears the initial responsibility of identifying the portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." El v. SEPTA, 479 F.3d 232, 237 (3d Cir. 2007). However, even if the moving party fulfills this requirement, "the non-moving party can defeat summary judgment if it nonetheless produces or points to evidence in the record that creates a genuine issue of material fact." Id. at 238 (citing Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993)). In evaluating a motion for summary judgment, "the court must neither resolve factual disputes nor make judgments of credibility; instead, all '[i]nferences should be drawn in the light most favorable to the non-moving party.'" Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007) (quoting Big

Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1362 (3d Cir. 1992)). Although pro se filings are entitled to liberal construction, a pro se plaintiff still must set forth facts sufficient to survive summary judgment. Ludwig v. Carpenters Health & Welfare Fund of Phila. & Vicinity, No. 08-809, 2009 WL 3014939, at *3 (E.D. Pa. Sept. 18, 2009) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992)).

III.   DISCUSSION

    A.   Defamation

Plaintiff's defamation claim is based on allegedly false statements made about him in several letters that are "active in [his] file [and] being used against [him]." (Compl. p. 1.) Under Pennsylvania law, a plaintiff bringing a defamation action must prove: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion. Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 227 (3d Cir. 2009) (citing 42 Pa. Cons. Stat. Ann. § 8343). "Publication consists of the communication of the information to at least one person other than the person defamed." Cushman v. Trans Union Corp., 115 F.3d 220, 230 (3d Cir. 1997) (citing Flaxman v. Burnett, 574 A.2d 1061, 1066 (Pa. Super. Ct. 1990)). Plaintiff's defamation claim fails because Plaintiff has not produced any evidence to indicate that the documents upon which his claims are based were published by Defendant.

Plaintiff bases his defamation claim on two groups of letters. The first group includes

letters from union officials responding to Plaintiff's complaints and grievances. In his Complaint, Plaintiff states that his claim is based on two letters that he received in November and December of 2008. (Compl. p. 1.) The November letter was sent to Plaintiff by the General Counsel of UNITE HERE; it examines and finds meritless Plaintiff's complaints that Local 274 failed to refer him to several hotels. (November 24, 2008 Letter, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 7.) The complaints at issue had been rejected by Executive Vice President Edgar Romney and Defendant Lynne Fox, and Plaintiff sought further review from International President Bruce Raynor. (Id.) The letter was written on behalf of Raynor, and it is carbon copied to Raynor, Romney, and Fox. (Id.) The December letter was sent to Plaintiff's UNITE HERE Business Representative, Sandra Matos, by outside counsel who was retained to offer an opinion as to whether a grievance filed by Plaintiff should be pursued to arbitration. (December 9, 2008 Letter, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 13.) The letter concludes that Plaintiff's grievance should not be arbitrated. (Id.) It is carbon copied to Defendant Lynne Fox and Business Representative Gina Wilson. (Id.) At his deposition, Plaintiff claimed that his defamation claim is also based on a letter that he received from Defendant Lynne Fox, (Pl. Dep. 90:3-6, May 7, 2009, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 2), which was sent on May 13, 2008 and discusses Local 274's efforts to address various complaints made by Plaintiff. (May 13, 2008 Letter, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 6.) The May letter was carbon copied to General President Bruce Raynor, President/Hospitality John Wilhelm, Executive Vice President Edgar Romney, and Chief of Staff Richard Minter. (Id.)

   The second group of letters includes letters that were sent to union officials by Plaintiff's former employers. In documents responsive to Defendant's Motion for Summary Judgment,

Plaintiff indicates that his defamation claim is based on letters that were sent between 2005 and 2008 by employers to Local 274, in which the employers request that Plaintiff not be referred to them for work. (Pl.'s Opp'n Mot. Summ. J. 5; Ban Letters, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 5.)

Plaintiff claims that the letters discussed above have been shown to employers and therefore have caused him to lose work, but Plaintiff admitted at his deposition that the letters have been seen only by the former employers and union officials or representatives who authored the letters, by Plaintiff himself, by union officials or representatives investigating Plaintiff's grievances, and by union members that Plaintiff voluntarily showed the letters. (Pl. Dep. 79:17-81:14; 84:21-85:7; 104:10-105:4; 119:17-22.) Thus, in order to support his claim that the letters are being distributed to potential employers, Plaintiff appears to rely only on the fact that the letters are in his personnel file. But the mere presence of the allegedly defamatory letters in his personnel file, however, cannot support Plaintiff's defamation claim. Cooley v. Pa. Hous. Fin. Agency, 830 F.2d 469, 474-75 (3d Cir. 1987) (holding that allegedly defamatory letter was not published when copy was placed in plaintiff's personnel file but not distributed to any potential employers), abrogated on other grounds by Foster v. Chesapeake Ins. Co., 933 F.2d 1207 (3d Cir. 1991). Plaintiff has produced no evidence that would allow a factfinder to conclude that the letters have been distributed by Defendant to any employers. Accordingly, we find that Plaintiff has failed to provide this Court with evidence that would support his claim for defamation.

    B.    Duty of Fair Representation

Plaintiff's duty of fair representation claim is based on the union's failure to arbitrate one

of his grievances and the union's failure to negotiate for a specific provision in the collective bargaining agreement.  A union "has a duty to provide fair representation in the negotiation, administration, and enforcement of the collective bargaining agreement." Findley v. Jones Motor Freight, Div. Allegheny Corp., 639 F.2d 953, 957 (3d Cir.1981).  "'A wide range of reasonableness must be allowed' to the union, 'subject always to complete good faith and honesty of purpose in the exercise of its discretion.'" Deboles v. Trans World Airlines, Inc., 552 F.2d 1005, 1014 (3d Cir. 1977) (quoting Ford Motor Co. v. Huffman, 345 U.S. 330, 337 (1953)).  Thus, a union breaches its duty of fair representation "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory or in bad faith." Weber v. Potter, 338 F. Supp. 2d 600, 606 (E.D. Pa. 2004) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)).  This rule "applies to all union activity, including contract negotiation." Airlines Pilots Ass'n Int'l v. O'Neill, 499 U.S. 64, 78 (1991).  A union acts arbitrarily only when its behavior is "so far outside a wide range of reasonableness as to be irrational." Air Line Pilots Ass'n, 499 U.S. at 67.  Without a showing of bad faith or arbitrariness, mere proof of negligence or poor judgment on the part of the union is not enough to support a claim of unfair representation. Findley, 639 F.2d at 959 (citing Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir.1970)).

     Plaintiff claims that the duty of fair representation was breached when the union failed to negotiate for a certain provision in its contracts with hotels. (Compl. p. 2.)  The union has contracts with twenty hotels. (Shirley Schingen Aff. ¶ 2, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 3.)  Under these contracts, the hotels staff their events with full-time banquet servers, and some hotels also have a "preferred" list of banquet servers that will be used to fill

staffing openings. (Id. at ¶¶ 4-5.) Finally, the union runs a hiring hall for on-call banquet servers, and hotels are encouraged to call the union to fill staffing needs with these on-call banquet servers. (Id. at ¶ 6.) Review of the documents produced during discovery reveals that Plaintiff believes that the union should negotiate with hotels for language that would require the hotels to use banquet extras from the union hall after full-time servers are used, rather than allowing hotels to fill staff openings with their "preferred" list of banquet servers. (See Pl. Dep. 11:9-13-24; Lynne Fox Aff. ¶ 6, attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 1.)

"[A] certified bargaining agent offends the duty of fair representation if it enters a collective bargaining agreement which makes arbitrary distinctions between classes of employees within the appropriate unit which are not based on relevant differences between the employees or operations." Deboles, 552 F.2d at 1015; see also Crafts v. General Motors Corp., 192 F. Supp. 2d 310, 318 (D. Del. 2002) (quoting Airlines Pilots Ass'n, 499 U.S. at 78) ("In the context of negotiating the terms of collective bargaining agreements, 'the final product of the bargaining process may constitute evidence of a breach of duty only if it can be fairly characterized as so far outside a wide range of reasonableness, that it is wholly irrational or arbitrary.'"). Defendant has offered a legitimate and reasonable explanation for declining to negotiate for the suggested provision. According to Defendant, "[t]he employers we deal with for the most part want a steady supply of workers that they know," and the provision suggested by Plaintiff will deprive employers of control over staffing. (Fox Aff. ¶ 7.) We find this explanation to be reasonable, and Plaintiff has not produced any evidence that would indicate irrationality or arbitrariness.

Plaintiff also claims that Defendant breached the duty of fair representation by declining to arbitrate his grievance against a former employer. (Compl. p. 2.) The grievance stemmed

from a former employer's decision to stop using Plaintiff as a banquet server.  With regards to the grievance procedure, a union has "broad discretion in its decision whether and how to pursue an employee's grievance against an employer," Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 567-68 (1990), and may "settle or even abandon a grievance, so long as it does not act arbitrarily," Bazarte, 429 F.2d at 872.  In the present case, the evidence establishes that the decision to decline arbitration was not reached arbitrarily.  A union business representative conducted an investigation into Plaintiff's grievance.  (See Gina Wilson Aff., attached to Def.'s Mem. Supp. Mot. Summ. J. as Ex. 9.)  The investigation included an interview with the former employer, a grievance meeting with the former employer and Plaintiff, interviews of a former supervisor and former co-workers, and review of documentary evidence.  (Id. at ¶¶ 3-9.)  A union attorney was asked to review Plaintiff's grievance, and the attorney determined that Plaintiff's case should not be arbitrated.  (Id. at ¶ 12.)  It appears that this decision was reached after a through investigation and based upon the evidence uncovered.  Plaintiff has produced no evidence that would indicate that this decision was arbitrary.  Accordingly, Plaintiff's claim fails.

IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (Doc. Nos. 31, 32, 35, 36) is GRANTED.

                                        BY THE COURT:

                                        /S/LEGROME D. DAVIS
                                        Legrome D. Davis, J.